# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER B. SIPPEY, not individually, but solely as co-trustee of the ROGER B. and JANET H. SIPPEY REVOCABLE TRUST OF 2017, <br><br> Plaintiff, <br><br> v. <br><br> COOPER TECHNICA, INC., and COOPER TECHNICA LIMITED PARTNERSHIP #2, <br><br> Defendants. | Case No. 18-cv-06744 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Roger B. Sippey, brings this action against Cooper Technica, Inc. and Cooper Technical Limited Partnership #2 (collectively, "Cooper") for breach of contract. Cooper's answer includes an *ultra vires* affirmative defense, which Sippey now moves to strike [17] pursuant to Federal Rule of Civil Procedure 12(f). As set forth herein, the Court denies Sippey's motion.

**Background**

RBS Processing Services, LLC, as lender, and Cooper, as borrowers, executed a Commercial Loan Agreement dated September 16, 2010 for $105,000. (Dkt. 12-1.) Pursuant to the Loan Agreement, interest accrued at the rate of ten percent per annum and all unpaid principal and interest was due and payable in full no later than September 16, 2014. Although RBS had been administratively dissolved, RBS alleges that it assigned the Loan Agreement to the Roger B. and Janet H. Sippey Revocable Trust of 2017 ("Trust") in December 2017. Sippey then emailed Cooper to advise that he "would [] like to transfer the ownership of the loan to Cooper … to a trust." (Dkt. 12-2.) Sippey memorialized the assignment in the Assignment of Commercial Loan Agreement, dated October 4, 2018 with a December 1, 2017 effective date. (Dkt. 12-3.) Sippey alleges that

1

Cooper defaulted under the Loan Agreement by failing to remit payment for the unpaid principal to the Trust and by failing to pay any interest for the period of September 2017 to September 2018.

Cooper filed its answer with an *ultra vires* affirmative defenses on December 7, 2018. (Dkt. 14.) Cooper alleged that a limited liability company must be dissolved and its business wound up when it is administratively dissolved under Illinois Code Section 180/35-25. *See* 805 ILCS 180/35-1. A person winding up a limited liability company's business may preserve the company's business or property for a reasonable time. *See* 805 ILCs 180/35-4(c). RBS was involuntarily dissolved on September 11, 2015, but continued to conduct its business, including demanding, accepting, and directing payments. Cooper contends that the amount of time taken to wind up the business of RBS was unreasonable and that Sippey was aware of this when he "misrepresented to the Court that the email [to Cooper] … was the completion of an act of assignment" when it was actually only a statement of "future intention." (Dkt. 14 at 5.) By the October 4, 2018 date of assignment, RBS had forfeited its power to wind up the business of RBS and to bring this lawsuit.

On January 14, 2019, 38 days after receiving Cooper's responsive pleading, Sippey moved to strike Cooper's *ultra vires* affirmative defense. (Dkt. 17.)

**Legal Standard**

Affirmative defenses are pleadings, and therefore subject to all of the pleading requirements of the Federal Rules of Civil Procedure. *Heller Fin'l, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses must contain sufficient factual allegations that state a defense that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court may strike affirmative defenses that are conclusory, vague, and unsupported because they do not meet the requirements imposed by Rule 8(a). Fed. R. Civ. P. 12(f); *see also Heller*, 883 F.2d at 1294. Generally, motions to strike affirmative defenses are disfavored because of their tendency to delay the proceedings. *Heller,* 883 F.2d at 1294. Such motions will only be granted

where they remove unnecessary clutter from the case or where the affirmative defense is insufficient on the face of the pleadings. *Id.* A Rule 12(f) motion must be filed "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

Pleadings consist of the complaint, the answer, and any written instruments attached as exhibits. *See* Fed. R. Civ. P. 10(c); *see also Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). The Seventh Circuit interprets "written instruments" to include contracts and correspondence between parties. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 (7th Cir. 1998). Thus, the Court may consider the Loan Agreement, Assignment, and correspondence between the parties, attached to the Amended Complaint as Exhibits 1–3.

**Discussion**

Sippey contends that Cooper's *ultra vires* defense does not come close to withstanding a Rule 12(b)(6) challenge because "[b]orrowers do not have standing to contest the validity of documents assigning their loans because they are not parties to those contracts." (Dkt. 17 at 3 (citing *Capital One Equip. Fin. Corp. v. Adela Inc.*, No. 17-CV-0304, 2017 WL 5001288, at *8 (N.D. Ill. Nov. 2, 2017) (St. Eve, J.).) Cooper responds that Sippey's motion to strike should be denied because it was not filed within 21 days of being served with the Complaint. Cooper further asserts that its statement of affirmative defense sufficiently states a claim.

A motion to strike should be made by a party before responding to the pleading containing the challenged matter, or within 21 days after the pleading has been served. Fed. R. Civ. P. 12(f)(2); *see also In re Stoecker*, 131 B.R. 979, 981 (Bankr. N.D. Ill. 1991). A court, however, has the unrestricted authority to strike "insufficient defenses" and consider a plaintiff's motion even if it was not asserted timely. *In re Stoecker*, 131 B.R. at 981; *see also* Fed. R. Civ. P. 12(f)(1). It is undisputed that Sippey did not comply with time limit to move to strike; however, this Court finds it appropriate to consider the merits of Sippey's motion.

Next, Sippey asserts that Cooper does not have standing to contest the validity of the Assignment because it is not a party to the assignment. Ordinarily that is true. *See Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*, 2012 IL App (2d) 110729, ¶ 15, 981 N.E.2d 1, as modified on denial of reh'g (2d Dist. Dec. 7, 2012) ("[T]he prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party."). However, a borrower may challenge an assignment if it "raise[s] a defense to an assignment that would render it … void." *Id.* at ¶ 16. Cooper's affirmative defense allegations contend that the Assignment was void based on the timeline when the Assignment was made relative to RBS's winding up. This is supported by Sippey's allegation that Cooper did not make payments as required by the Assignment. As a result, Cooper has standing to contest the validity of the Assignment with its *ultra vires* defense.

Furthermore, Sippey argues that the defense of *ultra vires* cannot be pleaded in a case involving private litigants based on limitations imposed by 805 ILCS 5/3.15. Cooper responds that this statute conflates the authority of a corporation to enter into a single transaction with its authority to do business generally. Section 3.15 states that the defense of *ultra vires* may be asserted in a proceeding by the corporation whether brought by the corporation or a trustee. This is a plausible exception covering this case, which is brought by Sippey in his role as a trustee. Moreover, Cooper asserts *ultra vires* against the Assignment because it occurred after RBS ceased to operate as a corporation, which would not be subject to this statute. Thus, this argument also fails.

Finally, Sippey contends that the Assignment was the kind of "winding up" activity permitted by 805 ILCS 180/35-4(c). Cooper responds that this argument is inappropriate for a motion to strike because it invokes the facts and evidence of the case that are properly considered in a motion for summary judgment. Both parties rely on *Sienna Court Condo. Ass'n v. Champion Aluminum Corp.*, 2017 IL App (1st) 143364, 75 N.E.3d 260 (1st Dist. 2017). However, any reliance on this authority is misplaced as the Illinois Supreme Court reversed the decision in *Sienna Court*

4

*Condo. Ass'n v. Champion Aluminum Corp.*, 2018 IL 122022, 2018 WL 6818447 (Ill. Dec. 28, 2018). Sippey further contends that his argument that the *ultra vires* affirmative defense cannot survive a Rule 12(b)(6) challenge also supports a motion for judgment on the pleadings under Rule 12(c). Sippey's response does not address Cooper's objections related to evidence that generally supports a motion for summary judgment. Moreover, the Court finds these arguments do not change the outcome. Cooper has alleged the elements to support its *ultra vires* defense, and Sippey cannot now argue facts that are not alleged in the Complaint. Sippey will have the opportunity to present evidence on the merits of the defense as this litigation progresses.

**Conclusion**

For the aforementioned reasons, this Court denies Sippey's motion to strike [17] Cooper's *ultra vires* affirmative defense.

IT IS SO ORDERED.

Date: 5/2/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge