IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER B. SIPPEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 C 6744 |
| | ) | |
| COOPER TECHNICA, INC. and COOPER TECHNICA LIMITED PARTNERSHIP #2 | ) ) ) | Magistrate Judge Finnegan |
| | ) | |
| Defendants. | ) | |

## ORDER

This case was filed on October 5, 2018 and involves a dispute between Plaintiff Roger B. Sippey ("Plaintiff" or "Sippey"), as co-trustee of the Roger B. and Janet H. Sippey Revocable Trust of 2017 ("Trust"), and Defendants Cooper Technica, Inc. ("CT") and Cooper Technica Limited Partnership #2 ("CTLP") (collectively, "Defendants"), about an alleged breach of contract for failure to repay a loan. (Docs. 1, 12). After fully briefing Plaintiff's Motion for Summary Judgment (Doc. 41), the parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case was reassigned to this Court. (Doc. 76, 78). The Court concluded that more information was necessary to establish subject matter jurisdiction and ordered the parties to submit jurisdictional supplements, which they have done. (Docs. 81-87). As discussed below, the Court now determines that subject matter jurisdiction exists based on the diversity of citizenship of the parties.

## DISCUSSION

This Court has "'an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.'" *Leoris v. Chicago Title Land Trust*

*Co.*, No. 18 C 2575, 2018 WL 2689129, at *1 (N.D. Ill. June 5, 2018) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)).  Pursuant to Local Rule 56.1, Plaintiff's statement of facts accompanying the motion for summary judgment must include "all facts supporting venue and jurisdiction in this court."  L.R. 56.1(a)(3)(B).  Plaintiff includes such facts (and Defendants do not dispute them), asserting diversity of citizenship as the basis for jurisdiction.  (Doc. 64-1, at ¶¶ 2-5).  The Court identified deficiencies in the jurisdictional statements, however, and ordered the parties to submit supplemental information.  (Docs. 81-87).  Specifically, Plaintiff neglected to address Plaintiff's citizenship in terms of the applicable caselaw and failed to set forth necessary facts to demonstrate the citizenship of partnership CTLP.  (Docs. 81, 84, 86).  With this additional information finally in hand, the Court can now perform the requisite jurisdictional analysis.

To satisfy the requirements for diversity jurisdiction, the amount in controversy must "exceed[]" $75,000 "exclusive of interest and costs[,]" and Plaintiff and Defendants must be "citizens of different States[.]"  28 U.S.C. § 1332(a)(1).  There is no dispute concerning the jurisdictional amount where the contract at issue was for a loan of $105,000.  (Doc. 43-1, at 8 ¶ 1; *see* Doc. 64-1 ¶¶ 4, 6).  There also is no dispute regarding the complete diversity of citizenship of the parties.

### A. Plaintiff's Citizenship

As noted, Sippey has sued on behalf of the Trust.  Relatively recent caselaw defines the citizenship of different types of trusts, including a "traditional trust."  In 2016, the United States Supreme Court considered the citizenship of a "real estate investment trust" and clarified that not every entity labeled "trust" possesses the citizenship only of its trustees and not its beneficiaries.  *Americold Realty Trust v. Conagra Food*, 136 S.Ct.

1012, 1016 (2016). In so holding, the Supreme Court distinguished the real estate investment trust at issue there from a "traditional trust[,]" which "was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." *Id.* The Supreme Court explained that, traditionally, "legal proceedings involving a trust were brought by or against the trustees in their own name" and that "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Id.*; *see also RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016) ("A trust often is a fiduciary relation between two people, the trustee and the beneficiary. When the trustee sues (or is sued), the trustee's citizenship matters. And when the beneficiary sues or is sued, or a trust litigates in its own name, again the citizenship of the party controls."). The Supreme Court concluded that, "[f]or a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Americold Realty Trust*, 136 S.Ct. at 1016. The Supreme Court then reiterated the "'oft-repeated rule'" that an unincorporated entity "possesses the citizenship of all its members" and "therefore decline[d] to apply the same rule to an unincorporated entity sued in its organizational name that applies to a human trustee sued in her personal name." *Id.* at 1016-17.

Relying on *Americold*, the Seventh Circuit concluded in *Doermer v. Oxford Fin. Gr., Ltd.*, that, when the trustee of a "traditional trust" (in *Doermer*, a "family trust") sues in his own name, the court looks to his citizenship for diversity purposes. 884 F.3d 643, 646-47 (7th Cir. 2018) ("traditional trusts such as the one at issue here—as opposed to so-called 'business trusts,' which are a newer invention—were not considered distinct legal entities at common law, and hence cannot sue or be sued in their own name.") (citing

3

*Americold Realty Trust*, 136 S.Ct. at 1016). While the Seventh Circuit did not delineate what constitutes a traditional trust in *Doermer*, other Circuits that have done so examined: whether the trust creates traditional fiduciary relationships; whether the beneficiaries have ownership interests in trust property and votes in the trust administration, disbursements, or investments; whether the trust authorizes lawsuits in the name of the trust or trustees; and how the law of the state of formation defines the trust. *See, e.g., Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 722, 729-32 (2d Cir. 2017); *see also Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019); *Demarest v. HSBC Bank U.S.A., N.A.*, 920 F.3d 1223, 1229-31 (9th Cir. 2019); *GBForefront, L.P. v. Forefront Management Group, LLC*, 888 F.3d 29, 39 (3d Cir. 2018).

For example, in *Raymond Loubier Irrevocable Trust*, the Second Circuit considered the question of citizenship for purposes of diversity jurisdiction in light of *Americold Realty Trust* in a case involving trusts, including revocable trusts that conveyed each spouse's assets to himself or herself in trust, named the surviving spouse as successor trustee, and provided for distributions to be made only upon the death of both spouses. 858 F.3d at 722-24, 729-32. The court explained that the trusts derived from "agreements establishing only traditional fiduciary relationships" for "estate planning" purposes; had "vested and contingent beneficiaries with no present ownership interest in trust property and no power over the trusts' administration, disbursements, or investments[;]" did not authorize lawsuits in the name of either the trust or the trustees; and were "not distinct legal entities under the relevant Florida state law." *Id.* at 722, 729-30. The court "conclude[d] that legal proceedings involving such traditional trusts are

4

effectively brought by or against their trustees and, thus, it is the trustees' citizenship, not that of beneficiaries, that matters for purposes of diversity." *Id.* at 722, 729-32.

In supplemental filings, Plaintiff states that the Trust here is a traditional trust such that Sippey's citizenship controls. (Doc. 82, at 2-3). Defendants articulate no position, but speculate that redacted portions of the Trust may bear on this issue. (*See* Doc. 83, at 3-5; Doc. 84).[1] After reviewing the Trust and the foregoing caselaw, the Court concludes that it is a traditional trust.[2]

The Court finds the Second Circuit's decision in *Raymond Loubier Irrevocable Trust* instructive. Here, too, the Trust conveys assets to the Sippeys for distribution to either or both of them while they are alive, provides for distribution to the surviving spouse in trust upon the other's death, and provides for distribution to their children in trust upon the death of the surviving spouse. (*See* Doc. 65, at 4-6, 8-9, 11-12). The Trust also does not authorize lawsuits in the name of the trustees or the Trust. (*See id.* at 21-22). Finally, Florida law governs the Trust and, as the Second Circuit explained, incorporates the common law of trusts and tasks the trustee with enforcing claims of, and defending claims against, a trust. *See* 858 F.3d at 730; *Rsmt. (2d) of Trusts* § 177 Cmt. a (1959) ("If a third person commits a tort with respect to the trust property, it is the duty of the trustee to take reasonable steps to compel him to redress the tort. If the trustee holds in trust a contract claim against a third person, it is his duty to take reasonable steps to

---

[1] At a hearing on jurisdictional matters on November 5, 2020, Defendants' counsel stated that Defendants take no position on whether the Trust is a traditional trust.

[2] In addition to the redacted version of the Trust filed in the record under seal (Doc. 65), the Court has reviewed an unredacted copy of the document *in camera* and confirmed that, as Plaintiff's counsel represented at the November 5, 2020 hearing, the Trust document has been redacted only as to the names of (a) Plaintiff's children and (b) certain entities that constitute Trust assets. (Doc. 86; *see* Doc. 65, at 3, 19-20, 28).

enforce such claim."); Fla. Stat. §§ 736.0106 ("The common law of trusts and principles of equity supplement this code, except to the extent modified by this code or another law of this state."), 736.0811 ("A trustee shall take reasonable steps to enforce claims of the trust and to defend claims against the trust.").[3]

For all of these reasons, the Court concludes that the citizenship of Sippey, as co-trustee of the Trust, constitutes Plaintiff's citizenship for diversity purposes. An individual's "[c]itizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run." *RTP LLC*, 827 F.3d at 692; *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (finding allegations that plaintiff had a home in Massachusetts, was registered to vote there, and had a driver's license issued by the state showed domicile). As set forth in the Amended Complaint, Sippey alleged that he (along with his co-trustee spouse) is a Florida citizen, resident, and domiciliary, maintaining his principal residence in Florida, voting in Florida, holding a Florida driver's license, and owning no real property in Illinois. (Doc. 64-1, at ¶ 3, citing Doc. 14, at 1). Therefore, Plaintiff is a citizen of Florida.

### B.     Defendants' Citizenship

Determining CT's citizenship is simple. It is undisputed that CT is an Illinois corporation with its principal place of business in Wisconsin. (Doc. 64-1, at ¶ 2). Based on CT's state of incorporation and principal place of business, it is a citizen of Illinois and Wisconsin, respectively. *See RTP LLC*, 827 F.3d at 691 ("a corporation, has two citizenships: . . . (where it is incorporated) and . . . (where it has its principal place of

---

[3]     The Trust states that " . . . this instrument, the dispositions hereunder, and the rights and duties of the trustees and beneficiaries shall be construed and regulated and their validity and effect shall be determined by the law of the State of Florida." (Doc. 65, at 29).

business)" (citing 28 U.S.C. § 1332(c)(1); *Hertz Corp*, 559 U.S. at 80). Because CT is not a citizen of Florida, it is diverse from Plaintiff.

Determining CTLP's citizenship is more complicated. It is undisputed CTLP is an Illinois limited partnership with its principal place of business in Illinois. (Doc. 64-1, at ¶ 2). But those facts do not reveal CTLP's citizenship. Unlike a corporation, a partnership's citizenship is that of its partners. *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("We've held repeatedly that there's no such thing as a [state name here] partnership . . ., that only the partners' . . . citizenships matter, and that their identities and citizenships must be *revealed*. We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'") (emphasis in original and internal citations omitted)). Because of the omission of critical information, the Court ordered Plaintiff to establish the citizenship of CTLP's partner(s) as of the commencement of this case. (Docs. 81, 84). *West*, 951 F.3d at 828-29 (examining citizenship of limited partnership named as defendant that had "disappeared by merger" rather than successor limited liability company substituted in case caption "because subject-matter jurisdiction depends on the state of affairs when a case begins."); *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) (inquiring about citizenship of parties "when this case began (the only relevant time)").

The parties submitted jurisdictional supplements (Docs. 82, 83), but the Court concluded that still more information was necessary and held a hearing on November 5, 2020 to address this issue. (Docs. 84-86). At that hearing, defense counsel reported that: CT is the sole general partner of CTLP; a number of individuals are limited partners of CTLP; and, based on recent inquiry, he had learned the domicile/citizenship of each

limited partner as of the commencement of this lawsuit, and none was a citizen of Florida. (Doc. 86). The Court ordered Defendants to file a jurisdictional statement that identifies the domicile/citizenship of each partner of CTLP as of the commencement of this lawsuit and, without objection and to protect the identity of the limited partners, lists them without using the individuals' names. (Doc. 86). Defendants then filed a second jurisdictional supplement. (Doc. 87). In that filing, Defendants first state that CT is the sole general partner of CTLP and attach a copy of an annual report dated December 7, 2018 listing CT as such. (Doc. 87, at ¶ 1; Doc. 87-1).[4] Defendants next state that, as of October 5, 2018, "[a]ll limited partners were domiciled . . . in California, Illinois, Kansas, Massachusetts, Missouri, Nevada, New Jersey, Texas or Wisconsin, and no other states" and attach a list of 19 cities, states, and zip codes (with individual names and street addresses redacted) for the limited partners of CTLP. (Doc. 87, at ¶ 2; Doc. 87-2).[5] Because none of CTLP's partners was a citizen of Florida when the lawsuit commenced, it is also diverse from Plaintiff.

---

[4] To the extent this filing does not clearly state that CT was the sole general partner of CTLP as of the commencement of this case on October 5, 2018, as discussed above, CT's citizenship is already accounted for as a separate Defendant and does not destroy diversity from Plaintiff.

[5] The list shows 19 (unnumbered) entries as follows (numbered herein in order of occurrence on the list): limited partner 1 in Wisconsin; limited partners 2, 4, 6, 7, 8, 9, 10, 12, 17, and 19 in Illinois; limited partner 3 in Nevada; limited partner 5 in Missouri; limited partner 11 in Kansas; limited partner 13 in Texas; limited partner 14 in New Jersey; limited partners 15 and 16 in Massachusetts; and limited partner 18 in California. (Doc. 87-2). Defendants additionally state that one limited partner currently is domiciled in Florida, but moved there from Illinois on January 1, 2019 and, in 2019, purchased a home there and transferred his voter registration there. (Doc. 83, at ¶ 4).

## **CONCLUSION**

For all of the foregoing reasons, the Court concludes that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).

ENTER:

Dated: November 30, 2020

_____
SHEILA FINNEGAN
United States Magistrate Judge