# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROGER B. SIPPEY, ) ) Plaintiff, ) ) ) v. ) ) COOPER TECHNICA, INC., and COOPER ) TECHNICA LIMITED PARTNERSHIP #2, ) ) Defendants. ) | Case No. 18-cv-6744 Hon. Sheila M. Finnegan |

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, state that I caused to be served the enclosed **CITATION TO DISCOVER ASSETS TO A THIRD PARTY** and **NOTICE OF CITATION TO DISCOVER ASSETS TO A THIRD PARTY** on the parties listed below by First Class U.S. Mail on the 19th day of March 2021.

### Parties Served First Class U.S. Mail

David G. Harding
Attorney & Counselor
P.O. Box 405
Palatine, IL 60078

Cooper Technica, Inc.
19235 84th Street
Bristol, WI 53104 USA

Dated: March 24, 2021

/s/ Amrit S. Kapai
Amrit S. Kapai

Dan C. Curth
Amrit S. Kapai
**Goldstein & McClintock LLLP**
111 W. Washington St., Suite 1221
Chicago, Illinois 60602
(312) 377-7700
amritk@goldmclaw.com

*Counsel to Plaintiff/Judgment Creditor*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER B. SIPPEY, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 18-cv-6744 |
| v. | ) Hon. Sheila M. Finnegan |
| COOPER TECHNICA, INC., and COOPER TECHNICA LIMITED PARTNERSHIP #2, | ) ) ) |
| Defendants. | ) |

**NOTICE OF CITATION TO DISCOVER ASSETS TO A THIRD PARTY**

United States District Court for the Northern District of Illinois,
219 S. Dearborn St., Chicago, IL 60604

**Name of Case**: Roger B. Sippey (Judgment Creditor) v. Cooper Technica, Inc. and Cooper Technica Limited Partnership #2 (Judgment Debtors)

**Address of Judgment Debtor**: 19235 84th Street, Bristol, WI 53104

**Name and address of Attorney for Judgment Creditor**:

Amrit S. Kapai, Goldstein & McClintock LLLP,
111 W. Washington St., Suite 1221, Chicago, IL 60602

**Amount of Judgment**: $159,096.55

**Name of Person Receiving Citation**: BMO Harris Bank N.A.

**Date and Time**: April 5, 2021 at 10:00 am at 111 W. Washington St., Suite 1221, Chicago, IL 60602

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment

debtor in favor of the judgment creditor in the amount stated above. On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. The JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the

Illinois minimum hourly wage, whichever is greater.

(4)     Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5)     Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at (insert address of clerk). When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing. This notice may be sent by regular first class mail.

Dated: March 15, 2021                                By: */s/ Amrit S. Kapai*

                                                     Dan C. Curth
                                                     Amrit S. Kapai
                                                     **Goldstein & McClintock LLLP**
                                                     111 W. Washington St., Suite 1221
                                                     Chicago, Illinois 60602
                                                     (312) 377-7700
                                                     amritk@goldmclaw.com

                                                     *Counsel to Plaintiff/Judgment Creditor*

**CERTIFICATE OF SERVICE**

      I, the undersigned, an attorney, state that I caused to be served the enclosed **CITATION TO DISCOVER ASSETS TO A THIRD PARTY** and **NOTICE OF CITATION TO DISCOVER ASSETS TO A THIRD PARTY** on the above named persons at the above stated addresses by Certified Mail Return Receipt Requested on this 15th day of March 2021.

                                                                                  */s/ Amrit S. Kapai*
                                                                                  Amrit S. Kapai

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROGER B. SIPPEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 18-cv-6744 |
| | ) | |
| v. | ) | Hon. Sheila M. Finnegan |
| | ) | |
| COOPER TECHNICA, INC., and COOPER | ) | |
| TECHNICA LIMITED PARTNERSHIP #2, | ) | |
| | ) | |
| Defendants. | ) | |

**CITATION TO DISCOVER ASSETS TO A THIRD PARTY**

To: BMO Harris Bank of Chicago
Attn: Legal Department
111 West Monroe St.
Chicago, IL 60603

YOU ARE REQUIRED to either file your answer to this Citation on the form appearing on the reverse side or appear on April 5, 2021 at 9:30 am at Goldstein & McClintock LLLP, 111 W. Washington, Suite 1221, Chicago, IL 60602.

Judgment was entered on February 8, 2021, in favor of Plaintiff Roger B. Sippey and against Defendants Cooper Technica, Inc. and Cooper Technica Limited Partnership #2 in this court under case number 18-cv-6744 in the sum of $159,096.55. There is now due, less credit and off-set, the sum of $159,096.55 (Judgment Balance). Further sums may become due as costs and interests accrue.

Your answer will inform the Court as to property you may hold belonging to (Judgement Debtor).

You are prohibited from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment, a deduction order or garnishment, property belonging to the judgment debtor or to which s/he may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any monies not so exempt, which are due to the judgment debtor. This prohibition shall remain in effect until further order of court or termination of the proceeding. You are not required to withhold the payment of any monies beyond double the amount of the total sum due the judgment creditor.

If the account consists solely of funds that can be identified as exempt under federal or state law, you are PROHIBITED from FREEZING THE ACCOUNT and YOU MUST RESPOND that the account consists solely of exempt funds. Deposited funds that are exempt under federal and state law include Social Security, SSI, veteran's benefits, Railroad Retirement benefits, public assistance benefits, unemployment compensation benefits and/or circuit breaker property tax relief benefits.

WARNING: Your failure to comply with the citation proceeding may result in a judgment being entered against you for the unsatisfied amount of this judgment. 735 ILCS 5/2-1402(f)(1).

WARNING: Your failure to appear in court or file you answer as directed may cause you to be arrested and brought before the court to answer to a charge of contempt of court, which may be punishable by imprisonment in the county jail.

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date and time specified above: **See attached Rider.** Documents due no later than March 29, 2021 and should be sent to:

> Goldstein & McClintock LLLP
> c/o Amrit S. Kapai
> 111 W. Washington St., Suite 1221
> Chicago, IL 60602

### CERTIFICATION BY ATTORNEY FOR JUDGMENT CREDITOR

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the above information regarding the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the court and the number of the case is true and correct.

By: */s/ Amrit S. Kapai*

Dan C. Curth
Amrit S. Kapai
Goldstein & McClintock LLLP 111
W. Washington St., Suite 1221
Chicago, Illinois 60602
(312) 377-7700
danc@goldmclaw.com
amritk@goldmclaw.com

*Counsel to Plaintiff*



(By) DEPUTY CLERK

March 15, 2021

DATE

## ANSWER OF THIRD PARTY RESPONDENT CITATION

This first section must be filled out by the judgment creditor.

Citation/Respondent: BMO Harris Bank of Chicago
Defendant's Name: Cooper Technica, Inc. and Cooper Technica Limited Partnership #2
Case No.: 18-cv-6744
Judgment Balance: $159,096.55
Court Date: February 8, 2021

This is a Citation: Freeze up to double the Judgment Balance.

INTERROGATORIES
1. On the date of service of the citation, did you have in your possession, custody or control any personal property or monies belonging to the judgment debtor? Yes/No
If the answer is "yes" go to the next question. If "no", go to the instructions.

2. Is this an IRA account? Or have all of the deposits made during the past 90 days been electronically deposited and identified as exempt Social Security, Unemployment Compensation, Public Assistance, Veteran's Benefits, Pension or Retirement or by a source drawing from any other statutory exemptions? Yes/No
If the answer is "yes" go to the next question. If "no", go to the instructions.

3. Is/Are the account(s)' current balance(s) equal to or less than the total o the exempt deposits? Yes/No

If you answered "yes" to all three (3) questions and funds in the account(s) are exempt, do not freeze the funds. Go to the "instructions" below.

| 4. | Account Balance | Amount Withheld |
|---|---|---|
| A. Savings Account | $_____ | $_____ |
| B. Check/MMA/Now Account | $_____ | $_____ |
| C. Certificate of Deposit | $_____ | $_____ |
| D. Trust Account/Other | $_____ | $_____ |

(Describe)_____

E. Safety Deposit Yes/No

F. Land Trust No. _____

3

G. Less Right of Offset for Loans           $_____

Total Amount Frozen:           $_____

5.    List all electronic deposits into account(s) and their source(s) except deposits:

| Account No. | Source | Monthly Amount |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

6.    List all joint account holders or adverse claimants:

Name                                             Name
_____          _____

Address                                   Address
_____          _____

Account Information:                         Account Information:
Type: Checking/Savings/CD Savings      Type: Checking/Savings/CD Savings
Account Number:                             Account Number:

## INSTRUCTIONS

Deliver this Answer at least three (3) days before the court date to assure timely processing.
Complete the Answer of Third Party Respondent Citation section on this form.
Complete and sign the certification at the bottom of this page.

## CERTIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of the code of Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct and that I have mailed this Answer to Defendant(s).

Agent Name: _____
Agent Title: _____
Agent Signature: _____

**RIDER TO CITATION TO DISCOVER ASSETS TO
BMO HARRIS BANK N.A.**

<u>Definitions</u>

As used herein, the following terms shall have the meanings indicated:

    A.    "<u>Document(s)</u>" shall mean any written, recorded, electronic or graphic matter, however produced or reproduced. If a document has been prepared in several copies or additional copies have been made, and the copies are not identical, each non-identical copy is a separate document. The term document(s) includes, but is not limited to, the following: agreements, contracts, correspondence, electronic correspondence, letters, telegrams, wires, cables, reports, schedules, diaries, statements, photographs, reproductions, maps, surveys, drawings, blueprints, sketches, charts, models, invoices, purchase orders, ledgers, journals, checks (front and back), check stubs, notes, estimates, summaries, desk calendars, work papers, business forms, studies, appointment books, timesheets, logs, inventories, printouts, computer disks, recordings, minutes of meetings and memoranda, including intercorporate, intracorporate, interoffice and intraoffice memoranda, and memoranda regarding conferences, conversations or telephone conversations and any and all other written, printed, typed, punched or recorded matter of whatsoever kind or description, including drafts of the foregoing.

    B.    The terms "<u>related to</u>," "<u>regarding</u>," "<u>pertaining to</u>," or any similar phrase shall mean pertinent, relevant or material to, evidencing, constituting, summarizing, reflecting, growing out of, arising from, relevant to, having a bearing or concern upon, or pertaining to, associated with, responding to, concerning, affecting, discussing, referring to, dealing or standing in some relationship with, in any manner whatsoever, the object, subject, topic, fact, allegation, person, entity, event or noun which follows that term or phrase or which appears in these discovery requests. This includes, without limitation, all documents which contain, describe, analyze, record, reflect, summarize, evaluate, comment upon, transmit, discuss, pertain to, or mention the subject matter of any document request, as well as drafts, work papers, or other preparation materials, exhibits shown or circulated at any meeting, and the text or notes of any oral or written presentation or conversation.

    C.    "<u>And</u>" and "<u>or</u>" are to be considered both conjunctively and disjunctively. The singular of a noun or pronoun includes the plural form and vice versa; the word "all" also includes "each" and vice versa; "any" is understood to include and encompass "all."

**Documents**

Unless otherwise stated, the time frame for the following document requests shall be on or after January 1, 2018, through the date of production hereunder. The Judgment Debtors against whom this Citation to Discover Assets relates are Cooper Technica, Inc. and Cooper Technica Limited Partnership #2. You are required by this Citation to Discover Assets to produce, at the time and at the place indicated hereon, the following documents in your possession, custody or control which Cooper Technica, Inc. and/or Cooper Technica Limited Partnership #2 have any interest in:

1. Any and all bank statements for accounts, including, but not limited, to checking accounts, savings accounts, investment accounts, certificates of deposits and money market funds, regardless of whether such accounts are currently open, in the name of Cooper Technica, Inc. and/or Cooper Technica Limited Partnership #2.

2. Any and all bank statements for accounts, including, but not limited, to checking accounts, savings accounts, investment accounts, certificates of deposits and money market funds, regardless of whether such accounts are currently open, which Cooper Technica, Inc. and/or Cooper Technica Limited Partnership #2 have an interest in.

3. Any and all documents related to any withdrawals or transfers of funds from all accounts in the name of Cooper Technica, Inc. and/or Cooper Technica Limited Partnership #2.

4. Any and all documents evidencing or referencing any loan or security agreements listing Cooper Technica, Inc. and/or Cooper Technica Limited Partnership #2 as either the creditor, debtor or assignee during the past five (5) years.

5. All documents and records pertaining to any funds, monies or to other property (tangible or intangible) belonging to Cooper Technica, Inc. and/or Cooper Technica Limited Partnership #2 which is held in escrow.

6. Any and all such information, documents and items you have in your possession regarding Cooper Technica, Inc. and/or Cooper Technica Limited Partnership #2.